IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| William B. Ogletree, | ) | Case No.: 04-04001-BGC-7 |
| | ) | |
| Debtor. | ) | |
| | | |
| Dennis Joslin Company, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | A. P. No. 04-00139 |
| | ) | |
| William B. Ogletree, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Background**

The matter before the Court is the Defendant-Debtor's oral motion to dismiss the Complaint.

On December 2, 2004, a Motion for Expedited Ruling was filed by the Defendant-Debtor. In that motion the Defendant-Debtor requested the Court to rule on his oral motion to dismiss the Complaint to Determine Dischargeability of Debt Under 11 U.S.C. 523 and Objection to Discharge Under 727.

On September 22, 2004, a hearing was held on the Complaint. Appearing were Ted Stuckenschneider for the Defendant-Debtor; and Sherrie Phillips for the Plaintiff. At that hearing, the Defendant-Debtor made an oral motion to dismiss the Complaint. The parties agreed for the Court to rule on the motion to dismiss and filed arguments in favor of their positions. The matter was submitted on the arguments of counsel and the pleadings.

**II. Contentions**

The plaintiff asserts two actions in his complaint. In count one the plaintiff contends that the debtor committed fraud when he obtained a loan from the plaintiff's predecessor. The plaintiff argues that this debt is not dischargeable pursuant to section 523 of the Bankruptcy Code.

In count two the plaintiff contends that the debtor is not entitled to a general discharge under section 727 of the Bankruptcy Code.  The plaintiff argues that the debtor made a false oath on his bankruptcy petition.

The debtor denies that his debt to the plaintiff is not dischargeable or that he is not entitled to a discharge under section 727.

The debtor asks the Court to dismiss both counts.  For the reasons discussed below, the Court finds that count two relating to the debtor's section 727 discharge should be dismissed.  Count one remains.

### III. Findings of Fact and Conclusions of Law

#### A. Applicable Statutes

#### 1. Section 727

The pertinent part of section 727 reads, "The court shall grant the debtor a discharge, unless – (4) the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account...."  11 U.S.C. § 727.

#### 2. Section 523

Pursuant to section 523(a)(2)(B) of the Bankruptcy Code, debts are nondischargeable for:

> (a) (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
>
> (B) use of a statement in writing –
>
> (I) that is materially false;
>
> (ii) <u>respecting the debtor's or an insider's financial condition</u>;
>
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>
> (iv) that the debtor caused to be made or published with intent to deceive....

2

Case 04-00139-BGC   Doc 10   Filed 12/17/04   Entered 12/17/04 15:31:51   Desc Main
Document      Page 2 of 6

11 U.S.C. § 523(a)(2)(B)(emphasis added).[1]

B. Motions to Dismiss

This Court is governed by the standards recognized in the *per curiam* opinion of the Court of Appeals for the Eleventh Circuit in Grossman v. Nationsbank, N.A., 225 F.3d 1228 (11th Cir. 2000). That opinion reads in part:

> We review de novo a district court's order dismissing a complaint for failure to state a claim upon which relief could be granted. See Lopez v. First Union National Bank of Florida, 129 F.3d 1186, 1189 (11th Cir.1997) (citation omitted). When considering a motion to dismiss, all facts set forth in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir.1993). A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lopez, 129 F.3d at 1189 (internal quotations and citation omitted.)

Id. at 1231-32. See also Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999), ("When considering a Rule 12(b)(6) motion to dismiss, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiffs. See Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th

---

[1] The plaintiff does not allege that the disputed debt is not dischargeable pursuant to section 523(a)(2)(A). That section makes nondischargeable a debt for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (emphasis added). Section 523(a)(2)(B) makes nondischargeable a debt for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by, "use of a statement in writing (I) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to made or published with the intent to deceive." 11 U.S.C. § 523(a)(2)(B) (emphasis added).

Expressly excluded from the operation of Section 523(a)(2)(A) are statements respecting a debtor's financial condition. And section 523(a)(2)(B) expressly relates only to written statements respecting a debtor's financial condition. Consequently, a false oral statement made by a debtor about his financial condition cannot create or result in a debt which is not dischargeable under either section. And a false written statement not respecting the debtor's or an insider's financial condition cannot create or result in a debt which is nondischargeable under section 523(a)(2)(B).

3

Cir.1998), cert. denied, 525 U.S. 1139, 119 S.Ct.1027, 143 L.Ed.2d 38 (1999)." Id.

In Bank v. Pitt, 928 F.2d 1108 (11th Cir. 1991) the same court offered this advice:

> A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.' " Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir.1988) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (Former 5th Cir.1981)). Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it. See Friedlander v. Nibs, 755 F.2d 810, 813 (11th Cir.1985); Dussouy, 660 F.2d at 597-99. This is still true where the plaintiff does not seek leave until after the district court renders final judgment, see Thomas, 847 F.2d at 773 (after district court dismissed plaintiff's complaint with prejudice, plaintiff filed motion for reconsideration that was denied; this court reversed and remanded, directing that plaintiff be permitted to amend his complaint), and even where the plaintiff never seeks leave to amend in the district court, but instead appeals the district court's dismissal, see Sarter v. Mays, 491 F.2d 675, 676 (5th Cir.1974) (complaint dismissed with prejudice and plaintiff appealed; court of appeals stated that "if the complaint does not adequately apprise the defendant of the nature of the plaintiff's claim, the court should allow the plaintiff to amend the pleadings to more plainly delineate the cause of action rather than dismiss the complaint.").

Id. at 1111-12 (footnotes omitted).

## C.  Conclusions

### 1.  Section 727

The plaintiff's sole basis for his section 727 allegation is:

In his Schedule B, filed with his voluntary petition in this case, the Defendant asserted that he was named as a beneficiary under a trust as part of his mother's estate.  His mother is still alive so there is no such estate.

Complaint, filed August 11, 2004, at 1-2.

4

Based on that allegation, count two of the complaint contends, "Defendant William B. Ogletree knowingly and fraudulently, in connection with his Chapter 7 petition, made a false oath or statement regarding his personal property." Id. at 3. Based on that contention, the complaint concludes, " Under 11.U.S.C. .... 727, the Defendant is not entitled to a discharge." Id.

Based on the pleadings, arguments, briefs, and representations, and accepting that allegation as true and construing it a light most favorable to the plaintiff, the Court finds that, it appears that the plaintiff cannot prove any set of facts in support of the section 727 claim that would entitle him to relief.

On Schedule B accompanying his petition, the debtor clearly, honestly, and openly stated, "Named in trust/beneficiary of part of mother's estate after mother's death. She is still alive." Schedule B, filed May 4, 2004, Proceeding No. 1 in the debtor's main case.

Section 727(a)(4)(A) provides, "The court shall grant the debtor a discharge, unless ... the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account...." 11 U.S.C. § 727(a)(4)(A).[2]

To prevail on an objection to discharge made pursuant to section 727(a)(4)(A), the plaintiff must prove, by a preponderance of the evidence, that, "(1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) **the debtor made the statement with fraudulent intent**; and (5) the statement was material to the bankruptcy case." Sholdra v. Chilmark Financial, LLP (In re Sholdra), 249 F.3d 380, 382 (5th Cir. 2001), cert. denied, 534 U.S. 1042 (2001) (emphasis added). Accord, Keeney v. Smith (In re Keeney), 227 F.3d 679, 685 (6th Cir. 2000).

In his pleadings in this proceeding, the debtor admits that he made the Schedule B statement. He contends the statement is still true. Whether it is or is not true is not the question now. Of the four factors described above, the pertinent question <u>for purposes of this section 727 consideration</u> is whether the debtor made the <u>Schedule B statement</u> with fraudulent intent. There is no evidence he did. And there is no evidence that the plaintiff could prove any set of facts in support of the section 727 claim that would entitle the plaintiff to relief.

---

[2]"With respect to § 727(a)(4)(A), it is well recognized that a debtor has an affirmative duty to disclose all his assets and liabilities and to answer fully and truthfully all questions so as to present creditors with a complete and accurate account of his financial condition." In re Dawley, 2004 WL 1672877, at *12 (Bankr. E.D. Pa., Apr 16, 2004). See In re Superior Crewboats, Inc., 374 F.3d 330 (5th Cir. 2004) and Barger v. City of Cartersville, Ga., 348 F.3d 1289 (11th Cir. 2003) for discussions of some of the consequences of not making a full disclosure.

Based on the above, the Court finds that count two of the complaint is due to be dismissed.

## 2.  Section 523

In contrast, based on the complaint and the parties' arguments, in regard to the section 523 allegations, the Court cannot find that, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Grossman at 1232.  The section 523 allegations are sufficient to survive the debtor's motion to dismiss.

A separate order will be entered contemporaneously with this Memorandum Opinion.

Dated:  December 17, 2004                     /s/Benjamin Cohen
                                              BENJAMIN COHEN
                                              United States Bankruptcy Judge