IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| William B. Ogletree, | ) | Case No.: 04-04001-BGC-7 |
| | ) | |
| Debtor. | ) | |
| | | |
| Dennis Joslin Company LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 04-00139 |
| | ) | |
| William B. Ogletree, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The matters before the Court are a Motion to Reconsider in Part filed on January 9, 2006, by the defendant/debtor; and the Plaintiff's Response to Motion to Reconsider filed on February 8, 2006. After notice, a hearing was held on February 15, 2006. Appearing were Ted Stuckenschneider for the debtor/defendant; and Charles Johanson, III for the plaintiff. The matter was submitted on the arguments of counsel and the pleadings.

**I. Background**

The Court entered a memorandum opinion and order on January 5, 2006, regarding the dischargeability of a debt the debtor owed the plaintiff. The Court held that the debt was dischargeable. In doing so, the Court found that the complaint filed against the debtor was not substantially justified. Section 523(d) of the Bankruptcy Code allows a debtor to recover attorney fees when a complaint is found not to be "substantially justified," and the debt sought to be collected was a "consumer debt."

Although the Court found that the complaint filed against the debtor was not "substantially justified," the Court did not award any such fees because it could not determine that the debt involved was a "consumer debt." The debtor has asked the Court to reconsider its denial of attorney fees.

## II. Statutory Authority for Attorney Fees
## in Nondischargeability Proceedings

Section 523(d) reads:

If a creditor requests a determination of dischargeability of a <u>consumer debt</u> under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that <u>the position of the creditor was not substantially justified</u>, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d) (emphasis added).

Attorney fees from a nondischargeability proceeding are available only through section 523(d). In <u>In re Martinez</u>, 416 F.3d 1286 (11th Cir. 2005) the Court of Appeals for the Eleventh Circuit explained:

Generally, in federal litigation, including bankruptcy litigation, a prevailing litigant may not collect an attorney's fee from his opponent unless authorized by either a federal statute or an enforceable contract between the parties. See <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); <u>In re Fox</u>, 725 F.2d 661, 662 (11th Cir.1984). The sole federal statutory authority for an award of attorney's fees and costs in a dischargeability proceeding under section 523(a)(2) appears at section 523(d), which provides attorney's fees and costs for a prevailing debtor if a creditor "requests a determination of dischargeability of consumer debtor under subsection (a)(2) of this section, and such debt is discharged ...." 11 U.S.C. § 523(d).

<u>Id</u>. at 1288 (parenthetical added) (emphasis added).

And such an award may be made only if the debt found to be nondischargeable is a "consumer" debt rather than a "commercial" debt. In referring to the authority in section 523(d), the Court in <u>Martinez</u> concluded, "Here, it is undisputed that... [the debtor's] debt involved commercial rather than consumer debt so that federal statutory provision thus does not apply. <u>Id</u>.

A "consumer debt" is defined in section 101(8) of the Bankruptcy Code as a, "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8).

In summary, a court may award attorney fees in dischargeability litigation only if it finds that the complaint filed was not <u>substantially justified</u> and the debt to be discharged is a <u>consumer debt</u>.

## III.  Facts in this Case

The debtor testified that he obtained the loan in April 1998 from the bank for the purpose of consolidating other debts.  He did not describe what types of debt were consolidated into the April 1998 loan or otherwise describe how he spent the proceeds of the loan.  And while some of the loan documents do state that the purpose of the loan was for "personal expenses," (see Plaintiff's Exhibits 1, 2, and 4), and the debtor testified generally about a gambling problem, the debtor did not offer any <u>specific</u> evidence that would allow the Court to conclude that the loan was for a consumer debt.

The Court does agree however that the evidence about the debtor's "personal" expenditures appears as the debtor represents.  And while the debtor makes the very practical argument that "personal debt" is equivalent to "consumer debt," the Court disagrees that the evidence is sufficient to satisfy the "consumer debt" threshold required by section 523(d).

Reported cases in this area confirm that there is more to defining "consumer debt" than making a connection between a "personal" debt and a "consumer" debt.  From the evidence, the Court cannot determine the exact nature of the instant debt and therefore cannot determine whether this debt was a "consumer debt."

## IV.  Other Courts

Many courts have struggled with this issue.  The common theme is that the determination is a factual one based on the specific evidence.[1]  Examples include the following.

In <u>Matter of Booth</u>, 858 F.2d 1051 (5th Cir. 1988) the court considered whether about $300,000 in loans were consumer or commercial.  After extensive analysis the court found that part was consumer and part was not.  The circuit court recognized that, "the district court erred in its determination that a signature loan, no matter what use to which it is put, is always consumer debt." <u>Id</u>. at 1055

In <u>In re Jeffares</u>, 119 B.R. 872 (Bankr. M.D. Fla. 1990) the underlying nondischargeability action concerned a credit card debt.  The court looked at a debtor's exhibit which described the specific items purchased with the card.  Based on that exhibit, the court was able to determine that the debts were consumer.

A perfect example of why specificity is necessary can be found in the circumstances surrounding the debtor's debt in <u>Farmers Nat'l Bank of Cynthiana v. Bernstein (In re Bernstein)</u>, 71 B.R. 259 (Bankr. S.D. Fla.1987).  In <u>Bernstein</u> the, "debt

---

[1] See <u>In re Nangle</u>, 281 B.R. 654 (8th Cir. BAP 2002) for a great discussion of how to analyze this issue.

3

was for $39,000 borrowed by the debtor to pay the attorney's fees incurred by his adult son, as president of a corporation, in defending an indictment against him for fraud in the importation of an automobile which had not been properly modified for introduction into this country." Id. at 260. The court found that the debt was not a consumer debt (as that is defined by then section 107(7) of the Bankruptcy Code, 11 U.S.C. § 101(7), because the debt was not for a personal, family, or household purpose.

In In re Nicholson, 51 B.R. 198 (Bankr. M.D. Fla. 1985) the court considered whether the purchase of real estate was for personal or business use. In Nicholson the debtor was an unlicensed contractor. He contracted with the plaintiff to construct a house. Because he was unlicensed, he could not obtain the necessary permits unless he owned the real estate. The plaintiff quit claimed the property to the debtor. The house was never completed and the debtor sold the property to a third person. The plaintiff sued the debtor for fraud. The court found the debt not to be consumer.

In Matter of Nichols, 17 B.R. 470 (Bankr. M.D. Fla. 1981) the court considered whether the debtor's purchase of a backhoe was for business or personal use. The court found that it was for business use.

## V. Conclusions

The point is not whether a particular debt is or is not a consumer debt, but the degree of specificity that is necessary to make the decision. A debt could easily appear to be one thing on its face, but another after analysis. It is the Court's responsibility to make that determination. And in this case, there is simply not enough evidence for the Court to determine whether the debt subject to this proceeding was a "consumer" debt. Therefore, the Court must deny the request for fees under section 523(d) and must find then that an award to the debtor of costs and attorney's fees in this case is not available pursuant to Section 523(d).

An order will be entered contemporaneously with this Memorandum Opinion.

Dated: April 25, 2006  /s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BC:pb